IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HELEN MACFARLANE,

        Plaintiff,

   v.

RECONTRUST COMPANY, NA, et al,

        Defendants.

1:11-cv-3087-PA

**ORDER**

**PANNER, District Judge:**

    Plaintiff filed this action to enjoin the allegedly wrongful non-judicial foreclosure of her home. After defendants rescinded the non-judicial foreclosure proceedings at issue, plaintiff voluntarily dismissed the case on grounds of mootness. Plaintiff then moved for fees and costs. For the reasons that follow, plaintiff's motions for fees and costs are DENIED.

1 - ORDER

Plaintiff here is not a "prevailing party." To be a "prevailing party," the party must actually receive a court order ordering the opposing party to do something it otherwise would not be required to do. Justice Scalia, writing for the majority in Buckhannon v. West Virginia, 532 U.S. 598, 605 (2001) stated:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

(Emphasis in original.)

After Buckhannon, the Ninth Circuit stated, "To receive what one sought is not enough to prevail: the court must require one's opponent to give it." Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management, 589 F.3d 1027, 1031 (9th Cir. 2009). The court held "that the sine qua non of prevailing party status is an enforceable, judicially sanctioned award of much of the relief the plaintiff sought." Id.

In other words, even though plaintiff's lawsuit may well have resulted in the rescission at issue, attorney fees and costs are unavailable for plaintiff because the action was moot prior to plaintiff receiving a "judicially sanctioned award."

I note that this case concerns identical issues previously discussed by Magistrate Judge Clarke in two recent Report and Recommendations (Laak v. Recontrust, 11-3105-CL and Fowler v. Recontrust, 11-3102) recommending denying similar motions for fees and costs. I adopted both of the Reports and Judge Clarke's

2 - ORDER

conclusions are applicable here.

Plaintiff's Bill of Costs (#15) and Motion for Fees (#14) are DENIED.

IT IS SO ORDERED.

DATED this 17 day of July, 2012.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE